All rise.  The first case this afternoon is people against James Brindley 5-16-0189. Are the attorneys ready? This is a case I believe that was, there was a motion to continue by the state. It's my understanding that the unlawful motion and that the defendant is objecting, is that correct? Yes, that's correct. And so the motion to continue is denied. The other panel member is Justice Chapman, who is not available today. Justice Chapman will listen to the argument and have the briefs available for review and will be a fully participating member of this panel. You may proceed. Thank you. Your Honor, can I please the Court? My name is Ian Barnes on behalf of Mr. Brindley. The principal question in this appeal is whether Section 14-3, which enumerates exemptions from prosecution for the offense of eavesdropping, functions as an exception to the established judicial procedures in Section 108A of the Code of Criminal Procedure, which mandates that state's attorneys must ask for permission and get approval before conducting overhears on private citizens. And the answer to that question must be no for a number of reasons. Firstly, because it would dramatically expand the investigatory powers of law enforcement in this state, and it would infringe on the privacy of private citizens. And the state's interpretation is contrary to both the intent of the legislature when it created Section 108A and the plain language of the statutes. Counsel, have there been any constitutional issues raised? I don't know that I saw that in the briefs. No, and I believe the reason for that, Your Honor, is that one-party consent eavesdropping has been a solid constitutional issue for quite some time. But by codifying 108A, the legislature essentially went beyond what the Fourth Amendment requires. It said we are going to afford private citizens this extra degree of privacy, and that the state has to essentially have a very similar procedure as when you would apply for a warrant. Right, but has that issue been raised anywhere in the record, or the fact that there's a constant – I mean, you mentioned the Fourth Amendment. The state's opening brief does argue that the statute is constitutional, but that wasn't raised at the trial court level. So I can't speak as to why it's in the brief in the first place. Mr. Brindley's brief certainly didn't address it because it wasn't an issue. But the purpose of 108A, what I'll call the judicial authorization statute, it's well established that the purpose of that statute, the intent of the legislature, was two-pronged. One, to provide oversight for – to provide judicial oversight for overhearsing, and to protect private citizens from unwarranted intrusions. The state's position that 14-3, which is in the criminal code, not the Code of Criminal Procedure, functions as some sort of exception to that, would essentially undermine both of those prongs of the legislative intent here. Because the state is essentially saying that, in some cases, it's allowed to authorize overhears on its own, with zero judicial scrutiny, and therefore no oversight. Which would mean the state can authorize and conduct overhears on private citizens, and they answer to no one but themselves. Which completely contravenes why the legislature created 108A in the first place. But, counsel, aren't there – I mean, there's different time periods. This – the provision of the issue is for 24 hours. It's not whereas the, you know, the other statute where we have judicial oversight is for up to 30 days. So there's a distinction. I – that's certainly true, but the problem here is that the state's position means that they can authorize overhears under any circumstances, because there's no one to tell them no. And when we think of 108A as being established to protect privacy, and the state is now coming in and saying, well, 14-3 gives us our own eavesdropping authority, separate from the judiciary. The privacy of private citizens is harmed, because they can eavesdrop essentially at any time, with no supervision. And part of the state's argument is that this is limited. It's limited to drug investigations. And the problem with that argument is that the version of the law at issue in this case has since been changed by the legislature. And what used to say – what used to be an exemption from prosecution when law enforcement officers are conducting eavesdropping at the direction of a state's attorney for drug investigations, it now says for qualified offenses. And qualified offense is defined in the statute currently as murder, any number of sex offenses, arson, kidnapping, child abduction, gun running, involuntary servitude, so basically anything where overhears would be useful. And the net result of that is that for basically any offense where overhears would be useful, the state is – if you carry the state's interpretation forward, the state has no oversight anymore in how it conducts overhears. And they would still be admissible. And that was the point of 108A in the first place, which was to protect privacy and to say to the state, you have to ask first before you insert yourselves into the lives of private citizens. And that intent is backed up by the plain language of both these statutes. 14-3 is very specifically exemptions from prosecution. The title of 14-3 is simply exemptions, and it says, the following activities shall be exempt from the provisions of this article, this article being the criminal offense of eavesdropping. And it lists a number of activities like listening to the radio, filming a police officer performing his duties, radio broadcasts, television broadcasts. And one of them is police officers who are conducting eavesdropping at the direction of the state's attorney. This statute is plainly about protecting officers from prosecution for doing their jobs, not as a procedural exception to the requirement that state's attorneys get permission first. Doesn't the statute also address admissibility? It does, but it doesn't underline 108A. It doesn't explicitly reference it at all. And that goes back to my point about the plain language of the statute, because 14-2, which is the actual definition of the offense of eavesdropping, references 108A multiple times. So the legislature was aware of it. They hadn't forgotten it existed. If they wanted 14-3Q1 to be an exception to this well-established separate procedure, it would have and should have said so. But it doesn't say anything about that. And I point to the state's own brief at page 30 where they write, where the language is clear, the statute cannot be revised to include exceptions, limitations, or conditions that the legislature did not express. And that's exactly what the state is asking this court to do. It's asking this court to find an exception that judicial authorization is no longer required, that this evidence is admissible without judicial authorization, when the statute simply does not say any of that. And it's asking this court to make that language up. And that's something this court should not do. And finally, if the state's interpretation were adopted, it would repeal by implication essentially the entirety of 108A. It's essentially gutted at that point because the state is saying, we don't have to get permission. We get to make our own probable cause determinations for overhears in this long list of offenses. And 108A becomes essentially meaningless. And repeal by implication are disfavored because we are supposed to presume that the legislature created a consistent body of laws. Adopting the state's interpretation basically wipes out one law in favor of another, whereas there are consistent ways to interpret these, such as 108A governs admissibility. And 14-3 governs when officers can do eavesdropping without themselves committing a crime. They're separate. And the state's position is, and this is at page 15 in their reply brief, that 108A judicially authorizes overhears. And 14-3Q1 creates states turning authorized overhears. And the state's position is, these are the same but different. We have the same power as the judiciary. And the common sense answer to that is that that can't be what the legislature intended. And what I mean by that is, to adopt the state's position is to accept the premise that the legislature has chosen to vest the executive branch in the state with the power to make its own probable cause determinations for overhears. Completely contravening what is historic and traditional when it comes to probable cause. That is decided by a neutral deduction. And to accept the state's position, you have to acknowledge that the legislature vested this power in the state. May I finish? Finish your point. You have to accept that the state vested this power, I'm sorry, vested this power in the state in one small section specific to a one particular criminal offense with no fanfare, with no notice really. And it has affected a sea change in the way that investigatory powers work. And I would suggest to this court that that's not a position that can be adopted based on the established intent of the legislature, based on the plain language of these statutes. So I would respectfully request this court affirm the judgment of the circuit court and remand for further proceedings with these overhears suppressed. Thank you, counsel. The court will take this matter under advisement and issue a decision in due course.